IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CASHAYLA GARRETT, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>PNC MORTGAGE CO., MORTGAGE )<br>ELECTRONIC REGISTRATION SERVICE )<br>and BARRETT DAFFIN FRAPPIER )<br>TURNER & ENGEL, LLP, TRUSTEE )<br>    Defendants. ) | No. 3:11-CV-02286-O |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Barrett Daffin Frappier Turner & Engel, LLP, Trustee ("Defendant") filed a Motion to Dismiss for Failure to State a Claim pursuant to FED. R. CIV. P. 12(b)(6) (doc. 9). Plaintiff is proceeding *pro se*. The time to file a response has expired, and Plaintiff has failed to respond.

**STANDARD OF REVIEW**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action

is not sufficient. *Twombly*, 127 S.Ct. at 1964-65.  Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.*  In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Plaintiff sued Defendant based on the allegation that Defendant acted as Trustee, and advised former defendant PNC such that PNC falsely and fraudulently induced Plaintiff to ask for and receive loan funds.  The District Court dismissed with prejudice Plaintiff's claims against PNC on February 16, 2012 for failure to state a claim for which relief could be granted.  For the same reasons, the Court recommends that the District Court grant Defendant's Motion to Dismiss and dismiss with prejudice Plaintiff's claims against Defendant.

**Factual Allegations**

Plaintiff Cashayla Garrett resides at real property located at 455 Chestnut Lane, Desoto, Texas 75115 ("Property") (Compl. ¶ 1).  PNC Mortgage Company ("PNC") offered to loan money at a certain rate of interest, and Plaintiff accepted the offer (Affidavit of Cashayla Garrett ("Compl. Aff.") ¶ 4).(Compl. Aff. ¶ 4).  On September 26, 2002, PNC loaned money at a certain rate of interest to Plaintiff for the purchase of the Property.  (*Id.*)  On the same date, Plaintiff signed a promissory note/mortgage note ("Note").  (*Id.*).  Plaintiff also signed a security instrument ("Deed of Trust") granting PNC a secured interest and lien on the Property (*Id.* ¶ 5 - 6).

Plaintiff believed a lawful contract was created by her signature on all documents (*Id.* ¶ 9). PNC required mortgage insurance on the property (*Id.* ¶ 7).  On  February 7,  2010, Plaintiff made

2

a request for PNC to provide information regarding origination of loan, funding and entitlement to right. Plaintiff's affidavit is incorporated by reference into the Complaint (Compl. ¶ 13). Plaintiff's other statements in the Complaint and Affidavit are no more than conclusory allegations or conclusions, rather than facts.

On July 27, 2011, Plaintiff filed her original petition and request for discovery, wrongful foreclosure and suit to quiet title and declaratory judgment action. After receipt of the Complaint, on September 6, 2011, PNC removed the action to this Court under diversity jurisdiction. PNC responded to Plaintiff's requests for discovery on October 6, 2011. PNC filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which the District Court granted.

PNC's co-defendant now seeks dismissal of Plaintiff's claims against it for many of the same reasons that Plaintiff's claims against PNC were dismissed.

## Analysis

In this case, Plaintiff fails to allege sufficient facts to raise her right to proceed against Defendant to the plausibility level. Plaintiff's facts show instead that she had a legally binding contract with PNC that granted PNC a lien on the Property by virtue of her signature on the Note and Deed of Trust on September 26, 2002. Plaintiff does not allege that she paid PNC in accordance with the note and mortgage.

## Fraud and Fraudulent Inducement

### Standard for Dismissal Pursuant to Fed. R. Civ. P. 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the

3

statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564–65 (5th Cir. 2002) (quotations omitted). To satisfy this requirement, a plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Tuchman v. DCS Commnc'ns Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994) (quotations omitted).

Plaintiff makes the conclusory allegation that PNC, by and through Defendant, falsely and fraudulently claimed that Plaintiff owed it money. Plaintiff fails to supply any facts that support her conclusory allegations that she was induced into the contract or that PNC, by and through Defendant, failed to make certain disclosures that constitute fraud. Plaintiff fails to specifically identify any person, place, time, or specific statement made by PNC, by and through Defendant, that was false. Plaintiff fails to state any facts in support of her fraud-based claims against Defendant that would entitle her to relief under the law. Plaintiff also fails to state how she relied to her detriment on these alleged false representations. Her conclusory allegation that Defendant used false documents fails as well. Plaintiff states no facts to show what false statements were made in Defendant's documents, who made any such statement, and when such statements were made. Her conclusory allegations fail to satisfy the heightened pleading standard for fraud and fraud in the inducement claims.

Additionally, in Texas, fraud and fraudulent inducement claims are governed by the residual four year statute of limitations. TEX. CIV. PRAC. & REM. CODE §16.051 (Vernon 1986); *Williams v. Khalaf*, 802 S.W.2d 651, 658 (1990). Plaintiff should have brought any fraud or fraudulent inducement claims no later than September 26, 2006. Plaintiff's fraud or fraudulent inducement

claims against Defendant, to the extent she may have had any, are time barred.

## Wrongful Foreclosure Claim

The elements of wrongful foreclosure in Texas are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.– Houston [14th Dist.] 1989, writ denied). Plaintiff has failed to allege any facts which would state a cause of action for wrongful foreclosure. Her wrongful foreclosure claim against Defendant should be dismissed.

## Quiet Title/Declaratory Judgment

In a quiet title action, the plaintiff must allege his or her right, title, or ownership with sufficient certainty to enable the court to see that judicial interference is warranted. *Wright v. Matthews*, 26 S.W.3d 575 (Tex. App.–Beaumont 2000); *Ellison v. Butler*, 443 S.W.2d 886 (Tex. Civ. App.–Corpus Christi 1969, no writ). Further, in pleading the existence of a claim affecting title to the property, the plaintiff should set forth or attach to the pleading any documentary evidence showing a cloud on the title. *See Bibby v. Preston*, 555 S.W.2d 898 (Tex. Civ. App.–Tyler 1977) (purported deed alleged to be cloud on title could not be considered on appeal since it was not formally included in record). The plaintiff should also state in the petition why such documents, which appear facially valid, should be declared invalid or unenforceable. Proof of their invalidity or unenforceability is required. *See, e.g., Smith v. Sabine Royalty Corp.*, 556 S.W.2d 365 (Tex. Civ. App.–Amarillo 1977) (oil and gas lease failed to satisfy statute of frauds under Tex. Bus. & Com. Code Ann. § 26.01 and thus could not support quiet title action).

5

Plaintiff has failed to allege her right, title, or ownership with sufficient certainty to warrant judicial interference. Plaintiff's claim that she is entitled to a declaratory judgment to void the substitute trustee's deed and quiet title fails.

## Breach of Contract

Plaintiff makes conclusory reference to a breach of contract claim, but alleges no facts to support the essential elements of such claim. To sustain a claim for breach of contract, Plaintiff must state that 1) there is a valid contract; 2) plaintiff performed her obligations under the contract; 3) defendant breached the contract; and 4) the defendant's breach caused the plaintiff injury. *Aguiar v. Segal*, 167 S.W.3d 443 (Tex. App.–Houston [14th Dist.] 2005, pet. denied). Plaintiff fails to allege any facts that show PNC, acting by and through Defendant, breached its contractual obligations in the Note and Deed of Trust, nor does she identify any act or omission by PNC by and through Defendant inconsistent with the parties' agreement. She fails to allege any facts to support breach of any other contract or that damages resulted from Defendant's alleged breach. Plaintiff fails to state a claim for breach of contract against Defendant. (Compl., Damages ¶, Pg. 5 of 22.)

## Negligence

Similarly, Plaintiff makes a conclusory reference to a negligence claim, but alleges no facts to support the essential elements of such claim. The elements of a cause of action for negligence are: (1) the existence of a legal duty, (2) the breach of that duty, and (3) damages proximately caused by the breach. *See Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). Plaintiff fails to state a claim for negligence against Defendant that is plausible on its face. (Compl., Damages ¶, Pg. 5 of 22.)

### Unjust Enrichment

Plaintiff additionally makes conclusory reference to damages resulting from unjust enrichment. (Compl., Damages ¶, Pg. 5 of 22.) Plaintiff admits in her affidavit that she and PNC had a legally binding contract. (Compl. Aff. ¶ 4 - 5.) Unjust enrichment is a quasi-contractual claim that is based on the absence of an express agreement. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Under Texas law, there can be no unjust enrichment claim when there is a binding contract between the parties. *First Union Nat'l Bank v. Richmont Cap. Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex. App.–Dallas 2005, no pet.) Plaintiff's contract with PNC precludes a cause of action against Defendant for unjust enrichment. Defendant's Motion to Dismiss should be granted with regard to Plaintiff's unjust enrichment claim.

### Recommendation

Plaintiff has failed to state facts which make any of her purported claims against Defendant facially plausible. The Court recommends that the District Court grant Defendant's Motion to Dismiss and dismiss with prejudice all of Plaintiff's claims against Defendant pursuant to FED. R. CIV. P. 12(b)(6).

**SO RECOMMENDED**, April 16, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).