**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CASHAYLA GARRETT,** )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>**PNC MORTGAGE CO., MORTGAGE** )<br>**ELECTRONIC REGISTRATION SERVICE** )<br>**and BARRETT DAFFIN FRAPPIER** )<br>**TURNER & ENGEL, LLP, TRUSTEE** )<br>    Defendants. ) | No. 3:11-CV-02286-O |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Plaintiff's claims against Defendants PNC Mortgage Co. and Barrett Daffin Frappier Turner & Engel, LLP, Trustee have been dismissed with prejudice. The Court *sua sponte* recommends that Plaintiff's claims against Mortgage Electronic Registration Service ("MERS") be dismissed without prejudice for failure to timely obtain service on MERS.

Plaintiff named Mortgage Electronic Registration Service ("MERS") as a Defendant. More than 120 days has expired since this case was removed from state court on September 6, 2011. The filing fee has been paid. Accordingly, Plaintiff is responsible for service in this case. Purported Defendant Mortgage Electronic Service is not a citizen of Texas and no executed Citation of the Original Petition against MERS was returned to the state court. (Notice of Removal, ¶ 9 at 3, doc. 1.) Moreover, no return of service shows that Plaintiff duly served MERS after the case was removed to federal court. MERS has not appeared or otherwise answered the lawsuit.

**STANDARD OF REVIEW**

FED. R. CIV. P. 4(c) provides that proper service must be made within 120 days after the

filing of the complaint, or the action is subject to dismissal without prejudice. *See* FED. R. CIV. P. 4(m). In addition, Rule 4.1 of the Local Civil Rules for the Northern District of Texas requires that Plaintiff file a valid return of service with the Court or otherwise show that each defendant has been served. If Plaintiffs fail to do so, Plaintiff's claims against any unserved defendant may be dismissed without prejudice.

### Recommendation

Plaintiff has failed to serve the purported Defendant MERS within 120 days or to show good cause for failing timely to serve MERS. The Court recommends *sua sponte* that the District Court dismiss without prejudice all of Plaintiff's claims against MERS pursuant to FED. R. CIV. P. 4(m). Because no claims would remain, the Court further recommends that the District Court find that Plaintiff takes nothing by way of her causes of action in this case and grant judgment against her.

**SO RECOMMENDED**, May 31, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).